932 F.2d 970
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tony WARF, Plaintiff-Appellant,
v.
William C. SEABOLD, Tim Barnes, Lana J. Conger, Harold
Radford, Defendants-Appellees.
 No. 91-5163.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1991.
 
 1
 Before KENNEDY and BOYCE F. MARTIN, JR., Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky prisoner appeals from the district court's order granting summary judgment in favor of the defendants in this prisoner civil rights suit filed pursuant to 42 U.S.C. Sec. 1983. Additionally, Warf requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory, injunctive and monetary relief, Warf brought this prisoner civil rights action against four prison officials at the Kentucky State Penitentiary (KSP), alleging a violation of his constitutional rights in connection with the issuance of and conduct of a hearing on a disciplinary report at KSP. Specifically, Warf alleged that his due process rights were violated when he was issued an incident report for assault resulting in serious injury to another inmate even though the acts alleged in the report did not constitute the charged offense. Warf further alleged that the Adjustment Committee failed to provide an adequate written statement of the evidence relied upon for its finding of guilt. Warf sued the defendants in their individual and official capacities.
 
 
 4
 After reviewing the parties' cross motions for summary judgment, the district court entered an order granting summary judgment in favor of the defendants. The appellees have notified the court that they will not be filing a brief.
 
 
 5
 Upon consideration, we conclude that there was no genuine issue of material fact and the defendants were entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 There was sufficient evidence of attempt to inflict serious physical injury to find Warf guilty of assault regardless of whether serious physical injury was actually inflicted. See Ky.Rev.Stat. Secs. 500.080(15) and 506.010; Corrections Policy and Procedure 15.2. Warf was afforded all the process to which he was due in this particular incident. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). The Adjustment Committee's statement of the reasons for the disciplinary action is adequate as it was "based on the facts as witnessed by C.O. Dinsmore."
 
 
 7
 Accordingly, the request for counsel is denied and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation